JUDGE BRODERICK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TIFFANY GUERRERO

**14 CV 8035**

Plaintiff,

Civil Action No.

-against-

THE CITY OF NEW YORK, and Police Officer
JASON BRONSTEIN (Badge 28247), Police
Officer DAVID REVANS (Badge 25763), Police
Officer LUIS CARRASQUILLO (Badge 1449) and
JOHN/ JANE DOES #1-100 in their official
capacities and individually (the names being
fictitious as their true names are presently
unknown)

Trial by Jury Demanded

Defendants,

-----------------------------------------------------------X

RECEIVED
OCT 06 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

**LAW OFFICES OF REGINA L. DARBY**
Attorneys for Plaintiff TIFFANY GUERRERO
111 John Street, Suite 800
New York, New York 10038
(212) 480-3236

1

TIFFANY GUERRERO. ("Plaintiff"), by her attorneys, The Law Offices of Regina L. Darby, complaining of the Defendants, respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants CITY OF NEW YORK ("CITY"), and police officers JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and JOHN/JANE DOES #1-100 for damages arising out of a false arrest, malicious prosecution, physical assault, battery, other unconstitutional actions, and common law claims arising out of the same by Defendant police officers JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and JOHN/JANE DOES #1-100.

## JURISDICTION

2. Plaintiff brings this action against Defendants CITY and police officers JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO, and JOHN/JANE DOES #1-100 to redress the denial of her civil rights, as secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343(a)(3), and 42 U.S.C. § 1983.

4. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state law claims against Defendants for common law violations arising out of the same case or controversy pursuant to 28 U.S.C. § 1367.

5. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Defendant CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY operates and governs the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per Article IX of the New York State Constitution, the applicable New York State statutes, and the applicable sections of the general municipal law of the City of New York.

10. At all times hereinafter mentioned, the individually named Defendants, police officers JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO, and JOHN/JANE DOES #1-100  were duly sworn police officers employed by NYPD and were acting under the supervision of NYPD and according to their official duties, and are sued in both their individual and official capacities.

11. At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law, of a statute, ordinance, regulation, custom, or usage.

3

12. Each and all of the acts of Defendants JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and JOHN/JANE DOES #1-100 alleged herein, were committed by Defendants JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and JOHN/JANE DOES #1-100 while acting within the scope of their employment with Defendant CITY.

## FACTS

13. That on or about January 18, 2012 at or around 7:00-8:00 PM Plaintiff was lawfully present at or near the Pelham Parkway Subway Station in the County of Bronx, City and State of New York.

14. That at the above place and time Defendants JASON BRONSTEIN and DAVID REVANS approached Plaintiff and forcibly grabbed the Plaintiff and placed her under arrest without any legal justification. Thereafter officers JASON BRONSTEIN and DAVID REVANS assaulted, battered, falsely arrested and detained Plaintiff.

15. Plaintiff was transferred to central booking in Bronx, New York where she remained for approximately three days before she was released.

16. At all times Plaintiff's arrest was without probable cause in that the Defendants had no reason to suspect that Plaintiff was the perpetrator of the alleged crime.

17. As a direct result of the acts and omissions of the Defendants, Plaintiff's civil rights were violated through the denial of her physical liberty and through verbal and physical abuse caused by Defendants.

18. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was subjected to embarrassment, physical and psychological pain and suffering and mental and physical stress and trauma.

19. At all times pertinent to these allegations, Plaintiff was unarmed and did not poses a threat of death or previous bodily injury to the Defendants.

20. On or about February 17, 2012 Plaintiff was indicted and charged with the following crimes:  Assault in the First Degree, PL §§ 120.10, and 120.10(4); Assault in the Second Degree, P.L. 120.05(1), 120.05(6), and 120.05(12); Robbery in the Second Degree, P.L. 160.10(2)(a); Robbery in the Third Degree, P.L. §160.05;  Grand Larceny in the Fourth Degree, P.L. §§ 155.30(2) and 155.30(5); Criminal Possession of Stolen Property in the Fifth Degree;  P.L. § 165.40 Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01(2) one count of Assault in the Third Degree, P.L. § 120.00 (1); Criminal Mischief in the Fourth Degree.

21. That on or around October 2nd, 2012, several NYPD Officers appeared at Plaintiff's home and re-arrested her in front of her horrified family members.

22. Plaintiff was placed under arrest as a result of her missing a court date in Criminal Court due to the fact that her assigned counsel had a death in the family and took a leave of absence without notifying the Plaintiff of her upcoming Court date.

23. Plaintiff was taken to Rikers Island jail where she was incarcerated for approximately three months before her family and friends could raise the funds to pay for her bail.

24. That upon her release from Rikers Island jail, Plaintiff was forced to hire a private attorney and was prosecuted until October 18, 2013.

25. On or about October 18, 2013 the charges against the Plaintiff were dismissed upon the recommendation of the District Attorney.

26. By reason the above Plaintiff sustained severe and permanent psychological pain including but not limited to, anxiety, depression, embarrassment, emotional distress, post-traumatic stress disorder, depressive disorder, loss of reputation, and a resulting loss of enjoyment of life.

27. That the aforesaid incident was due solely to the negligence, carelessness and recklessness of the Defendant, its employees, agents, licensees and/or servants without fault or want of care on the part of the Plaintiff contributing thereto.

28. The individual Defendants JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and John/Jane Does #1-100 acted with actual malice toward Plaintiff. In addition, the individual Defendants acted with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff. The actions of these Defendants constituted an unreasonable false arrest and malicious prosecution in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

29. Upon information and belief, Defendant City of New York maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable false arrests by police officers.

30. The acts, omissions, systematic flaws, policies, and customs of Defendant City of New York caused Defendants to believe that that false arrests would not be

aggressively, honestly, and properly investigated, with the foreseeable result that the officers were more likely arrest citizens such as the Plaintiff who were at all times wholly innocent, without any probable cause or conducting any investigation whatsoever.

### As and For a First Cause of Action:

## VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO LACK OF PROBABLE CAUSE FOR ARREST (PLAINTIFF'S FOURTH AMENDMENT RIGHT)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. The individual Defendants intentionally detained, seized, and arrested Plaintiff without probable cause for arrest.  There did not exist any probable cause for Plaintiff's arrest, and as of the time of arrest, Plaintiff was not and is still not engaging in any criminal activity.

33. Defendants did not have reasonable suspicion to believe that criminal activity was afoot.

34. The individual Defendants intentionally detained, seized, and arrested Plaintiff, without just cause or provocation, without probable cause, without reasonable suspicion, and with no reason to believe criminal activity was afoot.

35. Defendants had no lawful authority to arrest Plaintiff without probable cause,

36. Defendants intentionally engaged in this conduct with knowledge that they had no lawful authority to arrest Plaintiff without probable cause and with knowledge that no probable cause existed.

37. Plaintiff was aware of her arrest and confinement, and Plaintiff did not consent to such arrest or confinement.

38. In arresting Plaintiff without probable cause, the individual Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff and the statutory civil rights of Plaintiff.

39. The intentional false arrest of Plaintiff without probable cause violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

40. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual Defendants are individually liable for violations of 42 U.S.C. § 1983.

## As and For a Second  Cause of Action:

## COMMON LAW FALSE ARREST AGAINST ALL DEFENANTS

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. The individual Defendants intentionally detained, seized, and arrested Plaintiff without probable cause for arrest.  There did not exist any probable cause for Plaintiff's arrest, and as of the time of arrest, Plaintiff was not and is still not engaging in any criminal activity.

43. Defendants did not have reasonable suspicion to believe that criminal activity was afoot.

44. The individual Defendants intentionally detained, seized, and arrested Plaintiff, without just cause or provocation, without probable cause, without reasonable suspicion, and with no reason to believe criminal activity was afoot.

45. Defendants had no lawful authority to arrest Plaintiff without probable cause,

46. Defendants intentionally engaged in this conduct with knowledge that they had no lawful authority to arrest Plaintiff without probable cause and with knowledge that no probable cause existed.

47. Plaintiff was aware of her arrest and confinement, and Plaintiff did not consent to such arrest or confinement.

48. In arresting Plaintiff without probable cause, the individual Defendants acted with actual malice toward Plaintiff.

## As and For a Third Cause of Action

## MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50. The individual Defendants intentionally detained, seized, and arrested Plaintiff without probable cause for arrest.  There did not exist any probable cause for Plaintiff's arrest, and as of the time of arrest, Plaintiff was not engaging in any criminal activity.

51. The criminal charges against Plaintiff were dismissed in their entirety on October 18, 2013.

52. By reason of said malicious prosecution, and her three month incarceration at Rikers Island Jail Plaintiff sustained severe and permanent psychological pain including but not limited to, anxiety, depression, embarrassment, emotional distress, post-traumatic stress disorder, depressive disorder, loss of reputation, and a resulting loss of enjoyment of life.

53. In arresting Plaintiff without probable cause, the individual Defendants acted with actual malice toward Plaintiff.

## As and For a Fourth Cause of Action

## COMMON LAW ASSAULT AS TO INDIVIDUAL DEFENDANTS

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. On January 18, 2012 in the County of Bronx, City and State of New York, the individual Defendants, without just cause or provocation, intentionally assaulted Plaintiff by placing her in reasonable apprehension of an imminent harmful or offensive bodily contact.

56. At all times pertinent hereto, Plaintiff did not pose a threat of harm to the Defendants or the general public.

57. The individual Defendants acted jointly and in concert with each other in intentionally assaulting Plaintiff.

58. Each individual Defendant had the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant, but each failed and refused to perform such duty thereby causing injuries to the Plaintiff.

59. As a result of the individual Defendants' intentional assault, Plaintiff suffered serious, painful and permanent injuries to her mind, including but not limited to the following: emotional distress, embarrassment, humiliation, ridicule, anxiety, and psychological distress and mental anguish.

60. By virtue of their conduct as described herein, the individual Defendants are liable for their intentional assault upon Plaintiff.

61. Therefore, Defendant City is liable for the individual Defendants' assault which was committed within the scope of their employment, upon Plaintiff.

## As and For a Fifth Cause of Action:

## COMMON LAW BATTERY AS TO INDIVIDUAL DEFENDANTS

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. On January 18, 2012, in the County of Bronx, City and State of New York, the individual Defendants, without just cause of provocation, engaged in harmful and offensive bodily contact with Plaintiff.

64. At all times pertinent hereto, Plaintiff did not pose a threat of physical harm, death, or serious bodily harm to the Defendants or the general public.

11

65. The individual Defendants acted jointly and in concert with each other in intentionally battering Plaintiff.

66. Each individual Defendant had the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant, but each failed and refused to perform such duty thereby causing injuries to the Plaintiff.

67. As a result of the individual Defendants' intentional battery, Plaintiff suffered serious, painful and permanent injuries to her mind including but not limited to the following: emotional distress, embarrassment, humiliation, ridicule, anxiety, and psychological distress and mental anguish.

68. As a result of the individual Defendants' intentional battery, Plaintiff suffered economic damages, including but not limited to the following: the incurring of medical expenses related to her physical and psychological injuries, incapacitation from her usual and customary activities, and inability to perform her occupation.

69. By virtue of their conduct as described herein, the individual Defendants are liable for their intentional battery upon Plaintiff.

70. Therefore, Defendant City is liable for the individual Defendants' intentional battery, which was committed within the scope of their employment, upon Plaintiff.

### As and For a Sixth  Cause of Action:

### ARTICLE  1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

71. Plaintiff repeats and realleges each and every allegation set forth and contained in Paragraphs "1" through "70" inclusive, with the same force and effect as if fully set forth herein at length herein.

72. The Acts of Defendants JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and JOHN/ JANE DOES #1-100 acting under color of law, in subjecting Plaintiff to an unlawful search, seizure, and assaulting Plaintiff were done without reasonable suspicion or probable cause violated her Constitutional rights as guaranteed by Article 1, Section 11 of the Constitution of the of the State of New York.

73. The as a result Plaintiff is entitled to an award of damage in an amount to be determined upon the trial of this action.

## As and For a Seventh Cause of Action:

## ARTICLE 1, SECTION 12 OF THE NEW YORK STATE CONSTITUTION

74. Plaintiff repeats and realleges each and every allegation set forth and contained in Paragraphs "1" through "73" inclusive, with the same force and effect as if fully set forth herein at length herein.

75. The Acts of Defendants JASON BRONSTEIN, DAVID REVANS, LUIS CARRASQUILLO and JOHN/ JANE DOES #1-100 acting under color of law, in subjecting Plaintiff to unlawful search, seizure, and assaulting Plaintiffs were done without reasonable suspicion or probable cause violated her Constitutional rights as guaranteed by Article 1, Section 12 of the Constitution of the of the State of New York.

76. The as a result, Plaintiff is entitled to an award of damages in an amount to be determined upon the trial of this action.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants, as to all causes of action both jointly and severally, for both compensatory and punitive damages in an amount to be determined by a jury; reasonable attorney's fees; the costs and disbursements of this action; and such other and further relief as appears just and proper.

Dated: New York, New York
   October 3, 2014

           _Regina L. Darby_

Regina L. Darby (RLD-9288)
Attorneys for Plaintiff TIFFANY GUERRERO
111 John Street, Suite 800
New York, New York 10038
(212) 480-3236