USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
:
TIFFANY GUERRERO,  :
:
                Plaintiff,  :
:     14-CV-8035 (VSB)
    - against -          :
:     **OPINION & ORDER**
:
THE CITY OF NEW YORK, et al.,  :
:
                Defendants.  :
:
-------------------------------------------------------X

Appearances:

Regina L. Darby
Law Offices of Regina L. Darby
New York, New York
*Counsel for Plaintiff*

Geoffrey M. Stannard
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Tiffany Guerrero commenced this action against Defendants City of New York, Police Officer Jason Bronstein, Police Officer David Revans, and Police Officer Luis Carrasquillo, alleging claims for false arrest pursuant to 42 U.S.C. § 1983 and New York common law, malicious prosecution pursuant to 42 U.S.C. § 1983, common law assault and battery, and violations of the New York State Constitution. Before me is Defendant Revans' motion for reconsideration, filed pursuant to Local Civil Rule 6.3. (Doc. 62.) Defendant Revans requests that I reconsider my September 11, 2018 Opinion & Order ("Summary Judgment O&O"), in which I granted in part and denied in part Defendants' motion for summary judgment.

(S.J. O&O.)[1]  Because Defendant Revans has failed to identify controlling law or data that I overlooked, or intervening law or new evidence, the motion for reconsideration is DENIED.

## I. Procedural History[2]

Plaintiff filed her complaint (the "Complaint") against Defendants under 42 U.S.C. § 1983, New York common law, and the New York State Constitution on October 6, 2014. (Doc. 1.)  On March 24, 2017, Defendants moved for summary judgment.  (Docs. 40–43.)  Three days later, Plaintiff filed a cross-motion for summary judgment.  (Docs. 45–48.)  On September 11, 2018, I denied Plaintiff's motion for summary judgment in all respects, and I granted in part and denied in part Defendants' motion for summary judgment.  (*See* S.J. O&O 22.)  Specifically, I dismissed all of Plaintiff's claims with the exception of her claim for malicious prosecution against Defendant Revans, and all other Defendants were terminated from the action.  (*See id.* at 22–23.)  On October 9, 2018, Defendant Revans filed a letter motion pursuant to Local Rule 6.3, requesting that I reconsider my Summary Judgment O&O and grant Defendants' motion for summary judgment in its entirety.  (Doc. 62.)  Plaintiff did not file an opposition or otherwise respond to Defendant Revans' letter.

## II. Applicable Law

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances.[3]  The standard for reconsideration "is strict, and reconsideration will

---

[1] "S.J. O&O" refers to my Opinion & Order, dated September 11, 2018, denying Plaintiff's motion for summary judgment, and granting in part and denying in part Defendants' motion for summary judgment.  (Doc. 59.)

[2] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background detailed in the Summary Judgment O&O.  (Doc. 59.)

[3] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."  Defendants timely filed their motion for reconsideration.

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

### III. Discussion

Defendant Revans argues that I should reconsider my Summary Judgment O&O with regard to the malicious prosecution claim against him because there was probable cause for Plaintiff's prosecution. (*See* Def. Revans' Ltr. 2–3.)[4] Defendant Revans' argument relies on an

---

[4] "Def. Revans' Ltr." refers to the letter motion for reconsideration filed by Defendant Revans on October 9, 2018. (Doc. 62.)

incomplete characterization of my reasoning and is therefore unavailing.

In the Summary Judgment O&O, I noted that in a police report that Defendant Revans generated—known as a DD-5—he stated that Alvaro Gill "witnessed this robbery while waiting to park his car," which was contradicted by Gill's own written statement, which stated that he saw two women running but indicated that Gill did not witness any robbery. (S.J. O&O 20; *see also* Siskind Decl. Ex. F.)[5]  I also stated that Defendant Revans' delay in generating the DD-5 created a reasonable inference that he was being untruthful. (S.J. O&O 20.)  Defendant Revans argues that "[e]ven assuming, *arguendo*, that the DD-5 . . . was false, there was still probable cause for Plaintiff's prosecution," and "[w]hen there is probable cause to prosecute independent of the allegedly falsified evidence, a plaintiff cannot prevail on her malicious prosecution claim." (Def. Revans' Ltr. 2.)  This argument ignores the second prong of my analysis, in which I noted that "there is some evidence that Revans provided at least some of his files to the prosecuting attorney, but that it [was] unclear what he turned over or when he turned them over." (S.J. O&O 20.)  I found that there was a material dispute about whether Defendant Revans "turned over the video footage of the site of the robbery and of Plaintiff's apartment building—both of which he obtained—which ultimately resulted in the dismissal of the charges against Plaintiff." (*Id.*)

The presumption of probable cause created by a grand jury indictment may be "rebutted by evidence that the indictment was procured by . . . the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks omitted).  The assistant from the Bronx County District Attorney's Office who ultimately recommended that Plaintiff's case be dismissed relied in part on a video of

---

[5] "Siskind Decl." refers to the Declaration of Shira R. Siskind in Support of Defendants' Motion for Summary Judgment, dated March 24, 2017.  (Doc. 43.)

4

Plaintiff's building on the day of the alleged robbery and on video of the robbery itself. (Pl.'s S.J. Mem. Ex. A.)[6] Defendant Revans testified that he reviewed video evidence from Plaintiff's building approximately one week after Plaintiff's arrest, (Revans Dep. 26:5-18),[7] but he could not remember whether he provided that evidence to the prosecuting attorney prior to the grand jury indictment, (*id.* at 65:7-66:12). In my Summary Judgment O&O, I stated that because "neither party has presented sufficient evidence of what Revans turned over to prosecutors prior to the indictment, I find that there is a material issue of fact on the questions of probable cause and malice sufficient for Plaintiff's malicious prosecution claim against Revans to go to the jury." (S.J. O&O 20.) Defendant Revans' failure to address the material dispute about whether he suppressed evidence is fatal to his motion for reconsideration. He certainly has not identified any "controlling decisions or data" that I overlooked. *Shrader*, 70 F.3d at 257.

Defendant Revans also argues that I should reconsider my finding because there is no "issue of fact as to whether [Defendant] Revans acted with malice." (Def. Revans Ltr. 3.) The "lack of probable cause generally creates an inference of malice." *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (internal quotation marks omitted). Because I find that there is a genuine dispute of material fact as to whether there was probable cause for Plaintiff's prosecution, the question of whether Defendant Revans acted with malice is appropriately reserved for the jury to determine at trial.

---

[6] "Pl.'s S.J. Mem." refers to Plaintiff Tiffany Guerrero's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, dated March 28, 2017. (Doc. 46.)

[7] "Revans Dep." refers to the deposition of Defendant Revans on July 25, 2016, attached as Exhibit B to the Siskind Declaration. (Doc. 43-2.)

5

### IV. Conclusion

For the reasons stated above, Defendants' motion for reconsideration is DENIED. Within thirty (30) days of the entry of this Opinion & Order, Plaintiff and Defendant Revans shall submit a joint pretrial order in accordance with Rule 6(A) of my Individual Rules & Practices in Civil Cases. On the same date, the parties shall also propose trial dates and a schedule for pretrial submissions pursuant to Rule 6(B) of my Individual Rules & Practices in Civil Cases.

SO ORDERED.

Dated: July 9, 2019
 New York, New York

Vernon S. Broderick
United States District Judge