```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TIFFANY GUERRERO,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :          14-CV-8035 (VSB)
             - against -                                    :
                                                            :          **OPINION & ORDER**
                                                            :
DAVID REVANS,                                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/2020

Appearances:

Regina L. Darby
Law Offices of Regina L. Darby
New York, New York
*Counsel for Plaintiff*

Brachah Goykadosh
Geoffrey M. Stannard
New York City Law Department
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

  Plaintiff Tiffany Guerrero originally brought this action against Defendants City of New York (the "City"), Police Officer Jason Bronstein, Police Officer David Revans, and Police Officer Luis Carrasquillo. Trial is set to begin on Monday, February 24, 2020, on the sole remaining claim of malicious prosecution against Police Officer David Revans. Before me are Defendant's motions in limine to preclude evidence of Plaintiff's Rikers Island incarceration and to preclude Plaintiff from calling Sergeant Richard Alvarado at trial. Because at Plaintiff's bail revocation hearing the People affirmatively argued the underlying facts from Plaintiff's arrest and stated that they were only offering a plea that would result in jail time, Defendant's motion

to preclude evidence of Plaintiff's Rikers Island incarceration is DENIED. With regard to the testimony of Sergeant Alvarado, Plaintiff is directed to be prepared to provide a proffer of Sergeant Alvarado's testimony prior to jury selection.

## I. Motion to Preclude Plaintiff's Incarceration at Rikers Island

On Friday, February 21, 2020, I ruled on various motions in limine. However, I held in abeyance ruling on Defendant's motion to preclude evidence of Plaintiff's Rikers Island incarceration and to preclude Plaintiff from calling Sergeant Richard Alvarado at trial. With regard to the in limine motion to preclude evidence of Plaintiff's Rikers Island incarceration, I requested a copy of the transcript of the bail hearing, which Defendant has provided. (*See* Doc. 85-1.) Defendant argues that "the criminal court set bail *specifically* because plaintiff failed to appear at her previous court date" because "the court referenced only plaintiff's failure to appear, and made no mention of the severity of the underlying charges." (Doc. 85, at 2 (emphasis in original).) The transcript demonstrates, however, that the judge did not weigh the reason why Plaintiff failed to appear, and that the Assistant District Attorney ("ADA") almost exclusively argued the purported strength and severity of the case as a basis for the request that bail be set at $50,000, the same request the People made at Plaintiff's arraignment.

### A. *The Bail Hearing*

Plaintiff's criminal attorney was not present at her bail hearing. Instead, a Legal Aid Society attorney represented Plaintiff at the bail hearing. (*See* Doc. 85-1, at 1.) The attorney explained that: (1) Plaintiff appeared twice for court appearances after she was released on her own recognizance; (2) Plaintiff had a job where she worked many hours; (3) Plaintiff had forgotten the date of her next court date; (4) Plaintiff began calling her attorney in an attempt to confirm the date of her next court appearance; (5) Plaintiff's mother also tried to reach Plaintiff's

attorney to ask about Plaintiff's next court date; (6) Plaintiff's attorney was "out of the office because she had a death in her family" and she likely had not received Plaintiff's messages; (7) Plaintiff was home when the police executed the warrant for her arrest; (8) Plaintiff had not been advised that her court date had already past; (9) Plaintiff's criminal attorney likely had not been advised that Plaintiff had missed a court date; and (10) Plaintiff "did try to do everything she could to come to the court." (Doc. 85-1, at 3-4.) In contrast the ADA did not address the reasons for Plaintiff missing her court appearance, instead he said "missing one out of three court dates is not a very good percentage, in addition to the fact of being involuntarily returned on that warrant after two and a half weeks." (*Id.* at 4.) The ADA did not address the arguments made by Plaintiff's counsel concerning the reason she missed her prior court date, and the fact she was unware she had missed her court date. After conceding that Plaintiff did not have an arrest record, the ADA said the following:

> In terms of the facts of this case, Judge, the charge is assault in the first degree. The victim in this case is a 76-year old woman who was pushed to the ground and whose purse was stolen from her, allegedly, by the defendant. The complainant is extremely cooperative, extremely interested in this case. She was admitted to the hospital for three days after this incident, and she continues to seek medical treatment for vision trouble that she has been having since this incident.
>
> Now, the defendant was identified. There are independent eyewitnesses to this incident who saw various parts of the crime, and one of them observed the defendant about 12 hours later at a subway station, at which point that person took it upon himself to get in touch with the MTA police, who then stopped the defendant. And that's how she was arrested.
>
> The complainant later identified, about four days later, identified the defendant in a photo array. In addition, the one unique part of this case is the description that was provided via 911. One of the callers provided a description of a woman with blond and pink hair. As we can see, the defendant is here with pink hair and in her arrest photos she has pink highlights to her hair. That's very unique, obviously, in a situation like this.
>
> I would submit that, given the strength of this case, the People are, obviously, offering jail time and only jail time in this case given the nature of these

> charges and the severity of the injuries the complainant faced.
>
> The substantial, for lack of a better way of putting it, victimhood of the victim in this case, a 76-year old woman, it doesn't get any worse than that from the People's perspective. I would submit that $50,000 bail or certainly bail in some amount is necessary in order to ensure the defendant returns to court.

(*Id*. at 4-5.)

With regard to the underlying facts and the strength of the People's case, Plaintiff's counsel pointed out that the judge at Plaintiff's arraignment had considered all of those issues and determined that bail was not appropriate. (*Id.* at 5-6.) The judge then pointed out that Plaintiff had failed to appear and was brought to the court by the police. (*Id.* at 6.) Plaintiff's counsel again pointed out that Plaintiff had appeared twice before the missed September court date and then stated:

> The only thing the court should be considering is not the nature of the facts, but is there a reasonable explanation why she didn't come back September 14th? Yes, there is a reasonable explanation why she didn't come back September 14th. It's not fair to punish her for $50,000 because of what a horrible thing that happened to a 76-year old woman. I've had a very brief time to speak to my client here. It sounds like she has an alibi here. I think you should not set bail on her. This is a person who is not a risk of flight. She does not have any contacts ever in her life. She is 19 years old. She does not have a record. She has a job. She has a mother who is supporting her. I think it's unfair to set bail.

(*Id.* at 6.) The judge then set bail at $25,000 bond and $10,000 cash. (*Id.*)

### B. *Applicable Law*

"A § 1983 action, like its state tort analogs, employs the principle of proximate causation." *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999). Defendants sued under Section 1983 are typically held "responsible for the 'natural consequences' of their actions." *Higazy v. Templeton*, 505 F.3d 161, 175 (2d Cir.2007) (citing *Townes*, 176 F.3d at 146). "In the common law, '[a] superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his

4

antecedent negligence is a substantial factor in bringing about.'" *Townes*, 176 F.3d at 147. However, "'foreseeability and causation . . . are issues generally and more suitably entrusted to fact finder adjudication.'" *Higazy*, 505 F.3d at 175.

### C. *Application*

Defendant argues that the judge's bail decision was based on Plaintiff's failure to appear, and therefore Plaintiff "cannot meet her burden of establishing proximate cause and the lack of intervening or superseding cause."[1] (Doc. 85, at 2.) Defendant ignores the fact that during the bail hearing the ADA did not rebut the reason why Plaintiff missed her court appearance.[2] Indeed, the only evidence presented to the judge concerning the reason Plaintiff missed her court appearance supported a finding that Plaintiff's failure to appear was not willful and established that she presented a reasonable explanation for that failure to appear. It was certainly foreseeable that the underlying facts gathered by Defendant would be used in connection with arguments related to Plaintiff's bail determination, and that these arguments could result in Plaintiff's

---

[1] Although Defendant has raised the issue as an in limine motion the issue arguably should have been raised in Defendants' summary judgment motion. On summary judgment the issue would have been whether or not there were issues of fact related to the causation of Plaintiff's incarceration at Rikers Island.

[2] New York Criminal Procedure Law § 510.50 states that "[e]xcept when [a defendant] is charged with a new crime while at liberty, absent relevant, credible evidence demonstrating that a principal's failure to appear for a scheduled court appearance was willful, the court, prior to issuing a bench warrant for a failure to appear for a scheduled court appearance, shall provide at least forty-eight hours notice to the [defendant] or the [defendant's] counsel that the [defendant] is required to appear, in order to give the [defendant] an opportunity to appear voluntarily." New York Criminal Procedure Law § 530.60 further provides that a court may revoke an order of recognizance and fix bail "when the court has found, by clear and convincing evidence, that the defendant . . . persistently and willfully failed to appear after notice of scheduled appearances in the case before the court." N.Y. Crim. Proc. Law § 530.60(2)(b)(i). Section 530.60 of the New York Criminal Procedure law includes other criteria authorizing the revocation of an order of recognizance and fixing of bail not applicable here, including violation of a protective order, commission of a subsequent felony, or witness intimidation. (*Id.*) Otherwise, New York State courts may revoke orders of recognizance and fix bail for "good cause shown," N.Y. Crim. Proc. Law § 530.60(1), which includes the presentation of "new evidence, or additional circumstances not presented to the court upon the making of its initial bail determination," "if such evidence, had it been presented to the court at the first instance, would have caused that court . . . to remand the defendant without bail." *People v. Torres*, 112 Misc. 2d 145, 148 (Sup. Ct. 1981); *People v. Gruttola*, 72 Misc. 2d 295, 296 (Crim. Ct. 1972) ("judges of concurrent jurisdiction may increase or lower bail when required pursuant to a showing of new facts mandating such changes in the interest of justice." (internal quotations and citation omitted)).

incarceration. *See Higazy*, 505 F.3d at 177 ("Defendants . . . may be liable for consequences caused by reasonably foreseeable intervening forces; here, the chain of causation need not be considered broken if [Defendant] deceived the subsequent decision maker, . . . or could 'reasonably foresee that his misconduct [would] contribute to an independent decision that results in a deprivation of liberty.'"); *see also id.* (stating that "the intervening act of a decision-maker" is "not . . . an exercise of truly independent judgment, and [is] therefore reasonably foreseeable, if caused by pressure or misleading information provided by the actor whom the plaintiff seeks to hold liable").[3] Here, at the bail hearing the People presented no evidence related to Plaintiff's failure to appear. Instead, the People presented an argument based upon the purported strength of the underlying facts of the case against Plaintiff. Some or all of these facts were gathered by Defendant. Indeed, the People's own argument at the bail hearing demonstrates how foreseeable it was that Plaintiff could be imprisoned based on these facts. (*See* Doc. 85-1, at 5 ("I would submit that, given the strength of this case, the People are, obviously, offering jail time and only jail time in this case.").) Because, at a minimum, there are issues of fact concerning whether it was reasonably foreseeable that the purported underlying facts related to Plaintiff's arrest would be used in bail arguments and result in Plaintiff's incarceration, Defendant's motion to preclude evidence of Plaintiff's Rikers Island incarceration is DENIED.

---

[3] Defendant's reliance on *Zahrey v. City of New York*, No. CIVA 98-4546 DCP JCF, 2009 WL 1024261 (S.D.N.Y. Apr. 15, 2009), is misplaced. *Zahrey* is easily distinguishable. In *Zahrey*, the plaintiff was originally granted bail in the criminal prosecution against him, but bail was subsequently revoked, resulting in a period of incarceration prior to trial. At the bail revocation hearing, the Government presented new testimony from a witness's mother, in which the mother stated that the plaintiff had called her on the telephone and threatened her. It was on the basis of this new evidence that the court revoked plaintiff's bail. With regard to causation, the court held that the testimony of this new witness alleging new threats by plaintiff "broke the chain of causation." *Zahrey*, 2009 WL 1024261, at *2 n.4. Here, Defendant did not present new evidence related to Plaintiff's bail, and failed to put forth evidence concerning Plaintiff's failure to appear. *Zahrey* is therefore inapposite.

## II. Motion to Preclude the Testimony of Sergeant Richard Alvarado

According to Defendant, on February 19, 2020, Plaintiff provided to Defendant a list of witnesses she intends to call at trial that included Sergeant Richard Alvarado. (Doc. 85, at 2.) However, neither party listed Sergeant Alvarado as a trial witness on the Joint Pretrial Order. (*See* Doc. 71.) Plaintiff moved in limine to preclude Plaintiff from calling Sergeant Alvarado at trial. It is not disputed that Sergeant Alvarado was identified in pretrial disclosures and that his deposition was taken. Based upon these facts, I find that the fact that Plaintiff omitted Sergeant Alvarado from the Joint Pretrial Order is not dispositive. However, it is not clear whether or not Sergeant Alvarado can provide relevant testimony related to the sole remaining claim. Therefore, Plaintiff is directed to be prepared to provide a proffer of Sergeant Alvarado's expected testimony prior to jury selection.

## III. Conclusion

For the foregoing reasons, Defendant's motion in limine to preclude evidence of Plaintiff's Rikers Island incarceration is DENIED. With regard to the Defendant's motion in limine to preclude the testimony of Sergeant Richard Alvarado at trial, Defendant is directed to be prepared to provide a proffer of Sergeant Alvarado's expected testimony prior to jury selection.

SO ORDERED.

Dated: February 24, 2020
      New York, New York

Vernon S. Broderick
United States District Judge